UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

LUCKY AMY NAN LLC; *et.al.*,

        Plaintiff,

vs.

YANCEY CAMP,

        Defendant.

Case No. 2:16–cv–372–APG–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. #1) AND PETITION FOR REMOVAL (DOC. #1-1)

     Before the court are Camp's application to proceed *in forma pauperis* (Doc. #1) and petition for removal (Doc. #1-1). For the reasons stated below, Camp's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Camp's petition for removal should be dismissed without leave to amend.

**I. Discussion**

Camp's filings present two questions: (1) whether Camp may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether the court has subject-matter jurisdiction over Camp's action. Each is discussed below.

1. Camp May Proceed *In Forma Pauperis*[1]

     Camp's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to commence a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Camp submitted a financial affidavit. (Doc. #1). According to

---

[1] Camp seeks to have the civil filing fee for his petition for removal waived pursuant 28 U.S.C. § 1915(a).

1

the affidavit, Camp's take-home wages are $900.00, but he has $2,415.00 in monthly expenses. Camp's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

1. <u>The Court Lacks Subject-Matter Jurisdiction Over Camp's Claim</u>

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

"Federal courts may exercise federal-question jurisdiction over an action in two situations." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). "First, and most commonly, a federal court may exercise federal-question jurisdiction if a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* "Thus the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Id.*

"Second, a federal court may have such jurisdiction if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Id.* "Such a federal issue must be 'substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 1086-87.

Here, Camp fails to invoke the court's federal-question jurisdiction. Camp alleges that the plaintiffs' "[p]leadings intentionally fail to allege compliance with the Civil Rights Act of 1968." (Doc. #1-1 at 2). The absence of a federal claim in the Plaintiffs' complaint deprives this court of federal-question jurisdiction under the first prong of *Placer Dome*. Camp's claim that his eviction is barred by the Civil Rights Act of 1968 is unavailing; the federal claim must appear on "the face of the complaint, unaided by the answer."

Camp also fails to show that his action's state-law claim "necessarily raises a federal issue." After reviewing Camp's petition for removal, there appears to be no substantial federal interest implicated by Camp's eviction. This issue in Camp's action appears to be Camp's failure to pay rent, rather than any alleged discrimination on account of Camp's disability.

Camp's petition for removal should be dismissed without leave to amend. No amendment to Camp's petition for removal will cure the court's lack of subject-matter jurisdiction.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Camp's application to proceed *in forma pauperis* (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the petition for removal. (Doc. #1-1).

IT IS FURTHER ORDERED that Camp is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Camp's petition for removal (Doc. #1-1) be DISMISSED without leave to amend.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from

the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 7th day of March, 2016.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4